134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Byung Wha AN and Young-Kae An, Plaintiffs-Appellants,
v.
Doo-Hwan CHUN, Tae-Woo Roh, Sae-Chang Choe, Sae Dong Chang,
Wha-Pyung Hur, Sam-Soo Hur, Kwan-Dal Chung,
Hak-Sung Yoo, Jun-Byung Park, Hee-Do
Park and Hak-Bong Lee,
Defendants-Appellees.
 No. 96-35971.
 United States Court of Appeals, Ninth Circuit.
 Jan. 28, 1998.
 
 Before WRIGHT, REAVLEY** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Young-Kae An brought suit against General Doo-Whan Chun, General Tae Woo Roh, and several other military leaders (appellees) on behalf of his deceased father, Byung Wha An, the police chief of Kwangju, Korea, alleging that the appellees tortured his father to death. The district court dismissed An's suit on the grounds that the defendants were immune from An's claims[1] because they were sued in their former official capacities and were therefore immune from suit under the Foreign Sovereign Immunities Act (FSIA).[2] We do not reach that question because we dismiss on the ground that the court lacks personal jurisdiction over appellees.
 
 
 3
 The assassination of President Park Chung-Hee in 1979 and the ensuing declaration of martial law sparked massive public demonstration in the Kwangju province of South Korea. According to An's complaint, in 1980, General Chun and General Roh[3] and other South Korean military leaders asked Chief An to use police force in his province to suppress the people's uprising, in what was later referred to as the Kwangju massacre. Chief An refused and the military subsequently tortured him for not cooperating. An alleges that in 1988, his father died as a result of his injuries from the torture.
 
 
 4
 With or without subject matter jurisdiction pursuant to the Alien Torts Claims Act,[4] the court must also have personal jurisdiction over the defendants to hear the case.[5] The plaintiff bears the burden of proof to show that the court can exercise personal jurisdiction over the defendant.[6] "Because the Washington long arm statute reaches as far as the Due Process Clause, all we need analyze is whether the exercise of jurisdiction would comply with due process."[7]
 
 
 5
 If the defendants' activities in the forum state are "substantial, continuous, and systematic," a federal court can exercise general jurisdiction over them as to any cause of action, even if it arises out of an activity unrelated to defendants' contact with the state.[8] If the defendants' activities are insufficient to confer general jurisdiction upon the court, the court still may have personal jurisdiction over the defendant if there are sufficient "minimum contacts" with the forum.[9] A court may exercise specific jurisdiction if the foreign parties purposefully availed themselves of the privilege of conducting activities in the forum state, the cause of action arises out of the forum-related activity, and the forum's exercise of jurisdiction is reasonable.[10]
 
 
 6
 Where service is made under § 1608 of the FSIA, the relevant area in delineating contacts is the entire United States, not merely the forum state.[11] Appellees have not engaged in the necessary activity in the United States to confer either general or specific personal jurisdiction. They do not own property or conduct business anywhere in the United States. Their visits to this country have been almost entirely official visits on behalf of the Korean government, which do not confer general jurisdiction,[12] and were unrelated to the cause of action in this case.
 
 
 7
 The judgment is modified to be without prejudice and affirmed.
 
 
 8
 AFFIRMED AS MODIFIED.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 An brought claims under wrongful death statutes, the United Nations Charter, the Universal Declaration of Human Rights, General Assembly Resolution 217(III)(A) (Dec. 10, 1948), the United Nations Rights and Duties of Man, U.N. General Assembly Resolution 2625(XXV) (Oct. 24, 1970), and the Declaration on Protection of All Persons From Being Subjected to Torture, General Assembly Resolution 3425, 30 U.N. GAOR Supp. (No. 34) 91, U.N. Doc. A/1034 (1975) (see Filartiga v. Pena-Irala, 630 F.2d 876, 882 n. 11 (2d Cir.1980))
 
 
 [2]
 28 U.S.C. §§ 1330, 1602-11 (1993)
 
 
 [3]
 General Chun served as President of South Korea from August 1980 to February 1988, and General Roh served as President from February 1988 to February 1993
 
 
 [4]
 28 U.S.C. § 1350 (1993)
 
 
 [5]
 Trajano v. Marcos (In re Estate of Ferdinand E. Marcos Human Rights Litigation), 978 F.2d 493, 500-01 (9th Cir.1992)
 
 
 [6]
 Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir.1986)
 
 
 [7]
 Omeluk v. Lansten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir.1995)
 
 
 [8]
 Id. at 270
 
 
 [9]
 International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Omeluk, 52 F.3d at 270
 
 
 [10]
 Burger King Corp. v. Rudzewicz 471 U.S. 462, 472-77 (1985)
 
 
 [11]
 Richmark Corp. v. Timber Falling Consultants, Inc., 937 F.2d 1444, 1447 (9th Cir.1991)
 
 
 [12]
 Klinghoffer v. S.N.C. Achille Lauro, 937 F.2d 44, 51-52 (2d Cir.1991). The only unofficial visit to the United States by any of the appellees appears to have been a one-week vacation in Hawaii by General Roh in 1995